**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-3,<br><br>                              Plaintiff(s),<br><br>         v.<br><br>BLACKHAWK HOMEOWNERS ASSOCIATION, et al.,<br><br>                              Defendant(s). | Case No. 2:15-CV-1388 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants 6329 Rolling Rose Trust and Blackhawk Homeowner Association's motion to dismiss.  (Docs. # 13, 15).  Plaintiff U.S. Bank did not file a response, and the deadline to respond has now passed.

I.     **Background**

This case involves a dispute over a property that was subject to an HOA "super priority" lien. Plaintiff claims that it purchased the property at an HOA foreclosure sale, extinguishing defendant's deed of trust in the process.

The property at issue in this case is located at 6329 Rolling Rose Street, Unit 101, North Las Vegas, NV 89081, and bearing Assessor's Parcel Number 123-30-511-137 (the "Property"). (Doc. #13). Non-parties Tyson Headlee and Lorilai Headlee ("the Headlees") entered into a loan agreement with non-party CCSF, LLC dba Greystone Financial Group on or about November 3, 2005 for the purchase of the Property. (Doc. #13, Exh. B).

Following the Headlees' failure to pay HOA assessments, a notice of the Blackhawk Lien for delinquent assessments was recorded by non-party Alessi & Koenig, LLC ("A&K"), as

Blackhawk's agent, on November 8, 2011. (*Id.*, Exh. D). On March 16, 2012, a notice of default and election to sell was recorded by A&K after neither Headlees nor the beneficiary of the Deed of Trust paid the delinquent assessments owed under the Blackhawk Lien. (*Id.*, Exh. E). On May 21, 2013, A&K recorded a notice of Blackhawk's foreclosure sale. (*Id.*, Exh. F). The property was sold at public auction on October 9, 2013. (*Id.*, Exh. G). Blackhawk was the highest bidder at the foreclosure sale and tendered payment to A&K, as trustee of the Property, in the amount of $11,094.61. (*Id.*)

Blackhawk transferred its ownership interest in the property to defendant via quitclaim deed recorded on October 24, 2013 as instrument no. 201310240003845 (the "Quitclaim Deed"). (*Id.*, Exh. H). Having satisfied the Blackhawk lien by foreclosure, on October 30, 2013, A&K, on behalf of Blackhawk, recorded a release of the notice of lien for delinquent assessments. (*Id.*, Exh. I). Plaintiff purports to be the current beneficiary of the deed of trust via an assignment recorded on September 3, 2009. (Doc. #1 at ¶ 14).

## II.     Legal Standard

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  LR 7-2(d).  However, the court will not automatically grant every unopposed motion.

Instead, the court must weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

## III.    Discussion

Defendants move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  Defendants contend that plaintiff cannot sustain a claim for declaratory relief based on its allegations of due process violations and other alleged defects in the HOA's foreclosure sale. (Doc. #13).

James C. Mahan
U.S. District Judge

- 2 -

1 Having considered the motion and plaintiff's complaint in light of the *Ghazali* factors, the court will grant the motion. The court finds that the first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing the docket, and the risk of prejudice to defendants—all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay). The remaining factors are outweighed by the arguments supporting dismissal.

Plaintiff had ample opportunity to respond to the instant motion to dismiss and failed to do so. Plaintiff has been active in this case; it submitted a proposed discovery plan (doc. #18) and agreed to a stipulation for an extension of time (doc. #25). The stipulation for extension of time granted plaintiff and defendants an extension of time for which to amend pleadings and add parties until January 8, 2016. (*Id.*). Even if plaintiff misunderstood that stipulation as an excuse not to respond to this motion, the deadline for that extension is also past due. Based on the foregoing, the court will grant defendants' motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 13), be, and the same hereby is, GRANTED. The complaint is dismissed without prejudice.

The clerk is instructed to close the case.

DATED February 12, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -